(Decided 19th June, 1879.)

CHARLES H. CONWAY *vs.* THE LOG CABIN PERMANENT BUILDING ASSOCIATION of Baltimore City.

*Assumpsit—Loan—Action on the Case—Principal not liable for act of Agent not authorized, and not subsequently Ratified.*

An action of *assumpsit* cannot be maintained to recover a sum of money promised to be loaned.

Whether an action on the case for breach of contract, in not loaning the money promised, can be maintained.  *Quære?*

A. having become a member of a Building Association, applied for the loan of a sum of money. It was agreed to loan the money upon the security of a mortgage on certain real property in Baltimore County, if the counsellor of the Association should report favorably upon the title. The mortgage was accordingly executed and taken by the counsellor of the Association, with the assent of A. to Towsontown, where he went for the purpose of ascertaining the title of A., by an examination of the records. He found the title unsatisfactory, and so reported to the Association. The mortgage, however, was left in the clerk's office, and there placed upon record. The cloud upon the title was never removed to the satisfaction of the counsellor of the Association, though time was given to A. for the purpose, and the money agreed to be loaned, was never paid to A. The mortgage was put upon record by the counsellor of the Association, without its authority or knowledge.

Conway *vs.* Log Cabin Perm. Build. Ass'n of Balto.

It had no knowledge by its proper officers of the recording of the mortgage, until about the time of the bringing of the suit by A. The action of its counsellor was not ratified or confirmed by the Association. In an action against the Association by A. to recover upon its promise to loan the sum agreed upon, it was HELD:

That, as no actual notice of the recording of said mortgage was given to the defendant's board of directors, until at or about the time of the bringing of the suit by A., and as the defendant never ratified the act of its counsellor in leaving said mortgage for record, the plaintiff was not entitled to recover.

APPEAL from the Baltimore City Court.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BRENT, MILLER and ROBINSON, J.

*James H. Gable* and *Charles E. Phelps*, for the appellant.

*Orlando F. Bump*, for the appellee.

BRENT, J., delivered the opinion of the Court.

This is an action of assumpsit, brought by the appellant upon a promise of the appellee to loan him $1022.

The appellant became a member of the defendant Association in December, 1875, and on the evening of his admission applied for a loan of the above sum of money. This was afterwards agreed to be loaned to him upon the security of a mortgage on certain real property in Baltimore County, if the counsellor of the Association, Mr. H. Edgar Johnson, should report favorably upon the title.

The mortgage was accordingly executed and taken by Mr. Johnson with the assent of the appellant to Towson-town, in Baltimore County, where he went for the purpose of ascertaining the title of the appellant by an examination of the records. He found the title unsatisfactory,

and so reported to the Association. The mortgage however was left in the clerk's office and there placed upon the records.

Time was given to the appellant to remove the cloud upon the title, which was not done to the satisfaction of the appellee's solicitor, and the money agreed to be loaned was never paid over to the appellant.

And hence the cause of this action.

The case has been argued at great length, a number of questions presented and a great many authorities cited.

We think the appellant has failed to show any sufficient cause of action.

The attempt to recover by an action of assumpsit a sum of money promised to be loaned is to us a novel one, and we have been referred to no case in which such an action has been maintained. We are satisfied, from the known learning and ability of the counsel who represented the appellant in the argument, if any such case exists, it would have been cited.

We have failed to see any principle upon which an action like this can be supported. The appellant is not entitled to the money claimed, *as his absolutely*—his only claim to it, to say the most, is solely as a temporary loan.

How and in what form could a judgment be entered so as properly to limit the time, for which the money sought to be recovered is to be held by the plaintiff?

The judgment could only be for a sum of money certain, and would finally settle and determine that that amount belonged to the plaintiff. It would be conclusive upon the parties; and would as a necessary consequence estop the defendant from afterwards claiming that the money so recovered was loaned to the plaintiff.

We are clear that this action cannot be maintained. The remedy of the appellant might be by an action on the case for breach of contract, but certainly cannot be in assumpsit.

Another difficulty in the way of the appellant's right of recovery, is the non-acceptance by the Association of the mortgage which he executed. This is made the subject of the eighth prayer of the defendant, which was granted by the Court, and it is proper that it should be referred to and passed upon in this opinion.

The recording of the mortgage is presumptive evidence of its acceptance, but this presumption is one which may be rebutted by other proof. The appellant as a member of the defendant Association is bound by its constitution and by-laws. The duties assigned by the constitution to the counsellor of the Association, Mr. Johnson, do not authorize him to place its mortgages upon record. In this case the mortgage was put upon the records by him without the authority or knowledge of the Association. The proof shows that it had no knowledge by its proper officers of the recording of the mortgage, until about the time of the bringing of this suit. The action of its counsellor was then not only not ratified, but in effect repudiated, and by no action of the Association since that time has it been confirmed.

Upon these facts the Court properly instructed the jury by granting the defendant's eighth prayer, that if they find " no actual notice of the recording of said mortgage was given to the defendant's board of directors, until at or about the time of the bringing of this suit, and that the defendant never ratified the act of its counsellor in leaving said mortgage for record, then the plaintiff is not entitled to recover."

These views entirely dispose of this case. The other questions raised at the argument thereby become immaterial, and unnecessary for its decision, and we do not deem it proper to express an opinion upon them.

*Judgment affirmed.*

(Decided 20th June, 1879.)